IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHEILA MARTZ                                                                     PLAINTIFF

v.                  CIVIL NO. 5:18-CV-5062

ANDREW M. SAUL,[1] Commissioner,
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sheila Martz, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed an application for DIB on April 1, 2013, alleging an inability to work since March 1, 2013, due to epileptic seizures. (Tr. 64, 74). For DIB purposes, Plaintiff maintained insured status through December 31, 2017. (Tr. 64, 74). An administrative hearing was held on January 22, 2014, at which Plaintiff appeared with counsel and testified. (Tr. 26-45). Plaintiff's husband, Charles Martz, also testified. (Tr. 45-51). Sarah

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

Moore, Vocational Expert (VE), was also present and testified. (Tr. 56-61). On April 16, 2014, the ALJ issued a written opinion where he found that the Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 21). Plaintiff subsequently appealed the decision to the Appeals Council, who declined to reverse the decision. (Tr. 1-6). Plaintiff then appealed the decision to the United States District Court for the Western District of Arkansas. While Plaintiff's complaint was pending before the United States District Court, on September 28, 2015, Plaintiff filed a subsequent application for DIB, alleging an inability to work as of April 17, 2014, due to a seizure disorder, bursitis, arthritis, tendonitis, enflamed joints on both hands, sleep issues, panic attacks, double vision, stuttering during seizures, an inability to drive due to seizures, memory loss, impaired concentration, and multiple seizure occurrences per hour. (Tr. 470-471, 489). Plaintiff's date last insured was adjusted to December 31, 2018. (Tr. 470, 488). Plaintiff's subsequent application was denied by a hearing decision issued on November 29, 2016, and on January 18, 2017, Plaintiff appealed the decision to the Appeals Council. (Tr. 408-420, 438). On January 23, 2017, the United States District Court reversed and remanded Plaintiff's initial application for further proceedings. (Tr. 426-434). On April 24, 2017, the Appeals Council vacated both of the final decisions of the Commissioner, requested that the ALJ join the records from both of Plaintiff's applications, and remanded both cases to the ALJ for further review. (Tr. 438).

On September 21, 2017, a hearing was held at which Plaintiff appeared with counsel and testified. (Tr. 377-390). In a written opinion dated November 30, 2017, the ALJ found that the Plaintiff had the following severe impairments: seizure disorder, bilateral hand pain, affective disorder, and anxiety. (Tr. 324). However, after reviewing the evidence in its entirety, the ALJ determined that the Plaintiff's impairments did not meet or equal the level of severity

of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). (Tr. 324-326). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b), except for the following: Plaintiff could not use ropes, ladders, or scaffolds; she must avoid hazards, including moving machinery and unprotected heights; she could not operate a motor vehicle; she could frequently balance, stoop, kneel, crouch, and crawl; she could frequently finger, handle, and reach bilaterally; she could frequently operate hand and foot controls bilaterally; she could perform simple, routine, repetitive tasks in a setting where interpersonal contact was incidental to the work performed; and she could respond to supervision that was simple, direct, and concrete. (Tr. 326). With the help of the VE's responses to interrogatories, the ALJ determined that although Plaintiff was unable to perform her past relevant work, based on her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a housekeeping cleaner and an advertising material distributor. (Tr. 329). Ultimately, the ALJ concluded that the Plaintiff had not been under a disability within the meaning of the Social Security Act from March 1, 2013, the alleged onset date, through the date of the decision. (Tr. 330).

Plaintiff filed a Complaint before this Court on April 4, 2018, and the case is before the undersigned pursuant to the consent of the parties. (Docs. 1, 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 24th day of September, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE